# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

FREDERICK PENNINGTON, JR.
ADC #71305                                                                                                    PLAINTIFF

V.                                          4:09CV00705 JMM

PAUL J. JAMES, Attorney,
Little Rock, Arkansas, et al.                                                                            DEFENDANTS

## ORDER OF DISMISSAL

On August 31, 2009, Plaintiff, Frederick Pennington, Jr., a prisoner in the Maximum Security Unit of the Arkansas Department of Correction, filed the Complaint initiating this § 1983 action. *See* docket entries #1 and #2. Since 1988, Plaintiff has filed more than *forty* separate lawsuits, and he is a well-established three-striker under the Prison Litigation Reform Act ("PLRA").[1]

Pursuant to the screening function mandated by 28 U.S.C. § 1915A,[2] this case will be dismissed, with prejudice, for the reasons explained below.

---

[1] The "three-strikes" provision of the PLRA specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)

[2] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## I. Discussion

**A.     The *Kelley* Case; 5:08CV00018 JLH**

On January 28, 2008, Plaintiff filed a § 1983 action alleging that various ADC officials were failing to provide him with adequate medical care for hepatitis C. *See Pennington v. Kelley, et al.*, 5:08CV00018 JLH. The Court determined that Plaintiff's allegations satisfied the imminent danger exception to the three-strikes rule and allowed Plaintiff to proceed with his case.[3]  *Id.*, docket entry #4. Thereafter, the Court appointed Mr. Paul James to represent Plaintiff and approved his request for funds to hire a medical expert on Plaintiff's behalf. *Id.,* docket entries #39, #56, and #59.

On August 25, 2009, the Court issued a Recommended Disposition concluding that Defendants were not deliberately indifferent to Plaintiff's medical needs because they timely began giving him anti-viral medications for treatment of his Hepatitis C. *Id*., docket entry #177. Accordingly, the Court recommended that Defendants be granted summary judgment, and that the case be dismissed, with prejudice. *Id.* On August 31, 2009, Plaintiff filed his Objections to the Recommended Disposition.[4]  *Id.,* docket entry #179.

**B.     The *James* Case; 4:09CV00705 JMM**

On the same day, Plaintiff filed *this* § 1983 action alleging that:: (1) Defendant Paul James provided him with ineffective assistance of counsel in the *Kelley* case; (2) Defendant Dr. Otis

---

[3] *See* 28 U.S.C. § 1915(g) (providing that three-strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). The Eighth Circuit has clarified that the imminent danger exception applies *only* if the prisoner alleges that he is in imminent danger *at the time of filing*. *Martin v. Shelton*, 319 F.3d 1048, 1058 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

[4] The Recommended Disposition is still pending before the Honorable J. Leon Holmes, United States Chief District Judge.

Gordon wrongfully refused to serve as Plaintiff's medical expert in the *Kelley* case; (3) Dr. Arshad Malik gave erroneous opinions as Plaintiff's medical expert in the *Kelley* case; and (4) Correctional Medical Services, Inc.'s Regional Director Roland Anderson wrongfully arranged for Dr. Malik to only review Plaintiff's *medical records* in the *Kelley* case, and not give him a physical examination. *See Pennington v. James, et al.*, 4:09cv00705 JMM; docket entry #2.

It is clear from the face of the Complaint that Plaintiff's claims are a frivolous collateral attack on the proceedings in the *Kelley* case, which is still pending. Additionally, *none* of these allegations satisfy the imminent danger exception to the three-strikes rule.

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED, pursuant to 28 U.S.C. § 1915(g).

2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITH PREJUDICE, as being frivolous.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE